## O. W. COFFELT v. STATE.

No. A-5698.   Opinion Filed April 2, 1927.
(254 Pac. 760.)

Glenn O. Young, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Creek county upon a charge of burglary in the second degree and was sentenced to serve a term of two years in the state penitentiary.

The record discloses a state of facts about as follows: In April, 1924, the dwelling house of one C. C. Maebon was burglarized and various items of personal property stolen therefrom . Some 10 or 15 days thereafter, a deputy sheriff was at the place of defendant searching for some stolen live stock, and with the consent of defendant looked the premises over. He saw some personal property which he thought did not belong to defendant and arrested and lodged him in jail. Some days later, while defendant was in jail, a search warrant was procured for his residence, which apparently was issued without any affidavit having been filed. It was invalid for that reason, as well as for the reason that it is wholly indefinite as to the place to be searched or the property to be seized. With this invalid search warrant, the residence of defendant was searched, and a portion of the property claimed to have been stolen recovered. Objection to the admissibility of this evidence was made, and while some of the objections were sustained, yet the evidence in substance was admitted, possibly on the holding of this court in the cases of Gaines v. State, 28 Okla. Cr. 353, 230 P. 946, and Davis v. State, 30 Okla. Cr. 234, 234 P. 787. We think that the rule announced in those cases is sound, but that the facts here do not bring this case within the rule. Certainly, one

legally arrested may be searched for weapons or things which might facilitate his escape, or for papers, instruments, and property of an evidentiary character which may be, or may have been, used in the commission of the crime charged, or possibly of any other crime. The arresting officer also may search the room, effects, or immediate surroundings of the person so arrested, and such property seized, and the person arrested may be taken to a place of safety before such property is seized; but the seizure in such case must be incidental to a legal arrest and may not be unnecessarily delayed. See authorities cited in the case of Davis v. State, supra, and further: People v. Trine, 164 Mich. 1, 129 N. W. 3; People v. Cona, 180 Mich. 641, 147 N. W. 525; State v. Turner, 302 Mo. 427, 259 S. W. 427.

The admission in evidence of property seized without a valid search warrant, and not seized as an incident of a legal arrest, cannot be sustained.

The evidence of the state, if otherwise admissible, was wholly circumstantial. There was no direct and positive evidence nor admission by defendant. At the conclusion of the trial, defendant requested an instruction on circumstantial evidence, which was by the court refused. This was erroneous.

For the reasons assigned, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.