W. H. STEYH v. STATE.

No. A-8868.   June 28, 1935.
Rehearing Denied Nov. 27, 1935.
(52 Pac. [2d] 121.)

Jack W. Page and T. J. Hinshaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Updegraff, Co. Atty., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county of having the unlawful possession of intoxicating liquor and was sentenced to pay a fine of $300 and to serve 90 days in the county jail.

At the time charged, defendant was arrested by the sheriff and two police officers just after he had boarded a southbound Santa Fe train at the city of Norman. He was in a coach set apart for use of university students on their way to the Oklahoma-Texas football game at Dallas, and he had in his possession at the time a suitcase containing nine pints of whisky. The police officers testified they observed him as he boarded the train and that he staggered and appeared to be intoxicated. They informed the sheriff and the three then entered the train; the sheriff made the arrest and they secured the suitcase, searched it, and found the whisky. Defendant filed a motion to suppress on the theory that the search was illegal and the evidence inadmissible. The court heard testimony and

overruled the motion. Defendant did not take the stand, but offered testimony of several witnesses who testified he was not intoxicated and to good character. On cross-examination of these character witnesses, the county attorney, over objection, inquired in substance if they knew that at the time of the arrest defendant had in his possession a number of obscene magazines they would consider his character good.

It is first argued the weight of the evidence is that defendant was not intoxicated at the time of his arrest; that the arrest was therefore illegal and the search as an incident thereto illegal. Upon this point some six witnesses testified defendant was not intoxicated; the two police officers and the sheriff were relied on by the state. This presents a question of fact for the court in passing on the legality of the search and the admissibility of the evidence, and there is ample evidence to support the state's contention that defendant was intoxicated at the time of the arrest. There is no error in the ruling of the trial court on this point.

Next it is contended the cross-examination by the county attorney of defendant's character witnesses was prejudicial misconduct in his suggesting that defendant at the time of the arrest had obscene literature in his possession. Following the general rule, it has been held by this court that a witness to good character may be asked on cross-examination concerning rumors of particular specific acts of the accused inconsistent with good character. This is admissible, not to establish the truth of such rumors or reports, but to test the credibility of the witness and as going to the value of his opinion of what constitutes good character. Pope v. State, 15 Okla. Cr. 162, 175 Pac. 727; Jones v. State, 17 Okla. Cr. 561, 190 Pac.

887; Underhill, Criminal Evidence, par. 82. Questions touching such rumors or reports, however, must be confined to a time previous to the time of the crime charged. In the instant case the questions refer to matters contemporaneous with the crime charged, and under a proper application of the rule the objections should have been sustained. But since there appears to be no question of the defendant's guilt, this error does not require a reversal.

The judgment is modified to a fine of $50 and to a term of 30 days in the county jail, and as modified the case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.