## VICTOR LOFTIN v. STATE.

No. A-9093. Nov. 20, 1936.

(62 Pac. [2d] 664.)

184

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error was convicted of the crime of attempt to commit burglary, and his punishment fixed for a term of two years in the state penitentiary. He will hereafter be referred to as the defendant.

This is a companion case to cases Nos. A-9089 and A-9166, W. J. Luker v. State, 60 Okla. Cr. 151, 161, 62 Pac. (2d) 255, 259, and reference is made to the two cases for the testimony as it is not deemed necessary to set it out in full in this case. The testimony is sufficient to sustain the conviction.

It is urged by the defendant that the court erred in admitting the testimony of witness Davis, as to the searching of the car of the defendant W. J. Luker without a search warrant to search the car. The record shows that the defendant in this case and W. J. Luker were under arrest and in custody of the officers at the time the car of the defendant Luker, who was charged jointly with this defendant, was searched. The defendant insists that the testimony secured by the officers without a search warrant was unlawfully secured and improperly admitted.

The testimony shows that the defendant was arrested at the W. J. Luker home, and after he had been placed under arrest by the officers and while the officers were taking W. J. Luker and this defendant to the hospital, the officers searched the car of the defendant Luker. This court holds that it was not necessary for the officers to have a search warrant to search the premises of the defendant, his person, or his car, after he had been placed under arrest upon the belief and information that the officers had received that the defendant and W. J. Luker had committed a felony.

In Berg v. State, 29 Okla. Cr. 112, 233 Pac. 497, 498, in the eighth paragraph of the syllabus this court said:

"In case of a lawful arrest, the arresting officer may take from the person arrested any instruments of crime or anything else reasonably deemed necessary to his own or the public safety, and the use of such things on the trial of the person arrested is not objectionable as obtained by unlawful search and seizure."

The court did not err in admitting the article found in the defendant W. J. Luker's car by the officers who searched the car after the defendant in this case and W. J. Luker were under arrest and in the custody of the officers.

It is next urged by the defendant that the court improperly instructed the jury as to the law applicable to the facts in the case. The court's second instruction is as follows: "As you have been told, the offense for which the defendant is being prosecuted is attempt of burglary in the second degree, and if the alleged attempted burglary had been completed it would have been burglary in the second degree, and the same is made punishable by imprisonment in the penitentiary for a term of not

less than two years nor more than seven years. And if you find the defendant guilty as charged, of attempt to commit burglary in the second degree, you will assess his punishment by confinement in the state penitentiary for any term not less than one year nor more than three years and six months."

Section 1932, O. S. 1931, in the second paragraph fixes the punishment for burglary in the second degree for any term not exceeding seven years and not less than two years.

Section 1822, O. S. 1931, first paragraph, is as follows:

"First. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted."

The defendant in his argument discusses at length that under the law the trial court had no authority to authorize the jury by its instruction to fix the punishment other than that provided by the statute, and further in his argument he says that this court submitted to the jury a smaller penalty for the offense than that prescribed by law, that the court's instruction was duly excepted to by the defendant, and that where a smaller penalty is assessed by the jury than that fixed by law the case will be reversed, citing Patterson v. State, 44 Okla. Cr. 298, 280 Pac. 862, and Beck v. State, 14 Okla. Cr. 3, 166 Pac. 753.

The authorities cited by the defendant correctly state the law as applied to the cases cited, but in this case the

conditions that existed in Patterson v. State, and Beck v. State, supra, do not exist. Under the statute in this case a party convicted of attempted burglary might be sentenced for one-half of the maximum penalty assessed if the burglary had been committed. The court's instruction advised the jury that if it found the defendant guilty it might sentence him for not less than one year nor more than three years and six months; the maximum under the statute on a conviction for burglary is seven years and the minimum two years. Therefore the instruction of the court covered one-half of the maximum penalty that might be imposed for an attempted burglary, and this court does not agree with the contention of counsel that the instruction of the court is reversible error. The instruction is as fair to the defendant as it is to the state, and is within the statute covering a charge of attempted crime, and as the jury found the defendant guilty and imposed a penalty of two years, he cannot complain of the instruction of the court which covered the law applicable to the facts.

After a careful reading and study of the facts in this case, we feel compelled to hold that the rights of the defendant were properly protected in the trial. On the conflicting evidence, the court under proper instruction submitted the conflict to the jury, and the jury by its verdict found against the defendant.

In Tillery v. State, 23 Okla. Cr. 226, 214 Pac. 198, this court held a conviction will not be set aside where there is some substantial evidence to support the verdict.

In the trial of all criminal cases the jury is the exclusive judge of the weight of the evidence, and if there is a clear conflict in the evidence, or it is such that different inferences can be drawn from it, this determination

will not be interfered with, unless it is clearly against the weight of the evidence or it appears to have been influenced by passion or prejudice. There is nothing in the record to indicate that passion or prejudice entered into the consideration of the jury in arriving at its verdict. The jury was correctly instructed as to the law, and by its verdict found against the defendant, and this court is not inclined to disturb the verdict.

There are no errors in the record which would justify this court in reversing this case. The evidence is sufficient to sustain the verdict.

The case is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.