# RICHARDSON v. STATE.

No. A-11844.   Dec. 2, 1953.

(264 P. 2d 371.)

Robert Hickman, Public Defender Tulsa County, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., Lewis J. Bicking, County Atty. Tulsa County, Tulsa, for defendant in error.

POWELL, P. J.  Denver Richardson and two other defendants were charged jointly by information filed in the district court of Tulsa county with the crime of robbery by force.  Denver Richardson was tried separately, found guilty by the jury, but it being unable to agree on the punishment, left that to the court, who fixed the penalty at ten years confinement in the State Penitentiary.

There was received in evidence on behalf of the state the testimony of one John Thomas Healey and one Michael D. Scott, the alleged victims of the robbery, given at the preliminary hearing; and also the evidence of a number of other witnesses on behalf of the prosecution.  The defendant did not testify and offered no evidence.

For reversal some five specifications of error are presented, which will be treated in the order presented.

It is first argued that the court erred in overruling the defendant's objection to the offer by the state of the transcript of the testimony of the witnesses Healey and Scott, taken at the preliminary trial.

Prior to the trial the court heard extended argument and some evidence involving the contention of counsel for the defendant that the state failed to lay a proper predicate of the absence of witnesses from the county and the state; and further, that there was an absence of due diligence in an attempt to locate them and have them present for the trial.  It was also contended that the transcript did not reflect the entire proceedings at the preliminary hearing, based principally on the assertion that counsel for the defendant was denied his right of cross-examination.

The evidence at the preliminary, and as heard prior to trial on defendant's objection to the transcript, discloses that both John Thomas Healey and Michael D. Scott were nonresidents of Oklahoma, and were hitch hiking through the state looking for work and with ultimate destination as Galveston, Texas, Healey being a merchant seaman and Scott being a painter.  Scott's mother lived in New Jersey, but he had lived with Healey in the home of Healey's sister, Mrs. John Pestinger, at 1529 West Oceanview, Norfolk, Virginia.  They gave this as their forwarding address, promised to return for the trial and were permitted to go on their way.  These witnesses were subpoenaed by the state but the Tulsa sheriff's office was unable to locate them, and a telegram to Norfolk brought a telephone response from Mrs. Pestinger advising that she did not at the time know where her brother and his friend Scott could be located.

The court, after hearing the evidence of certain of the officials, concluded that due diligence had been used in attempting to have present for the trial the two witnesses in question.

As to the contention of counsel that he had not been given adequate opportunity of cross-examination of Healey, the record discloses some 20 pages of cross-examination by counsel for the defendant. So that the examining magistrate, Judge Lisle, stated: "Mr. Hickman, you are using too much time on cross-examination. I will have to stop it. Try and get through with the examination." Soon after this admonition by the judge, counsel completed his cross-examination, which appears to have been thorough and in detail.

The official court reporter, Verna Dearmond, testified that she had been a reporter for the court of common pleas since in October, 1927; she swore that the transcript was a true and correct reflection of the evidence and proceedings and denied hearing the examining magistrate cut counsel off from cross-examination other than the caution reported in the transcript.

Trial Judge Johnson, after considering the evidence and argument, over-ruled counsel's objection to the transcript on the various grounds advanced, and admitted it in evidence.

This court has often said that where a witness has testified in a preliminary trial and has been cross-examined by the defendant, and where the attendance of said witness cannot be obtained upon a subsequent trial of said cause, it is not error for the trial court to permit the introduction by the state of the testimony given by said witness upon such former trial; and that where the evidence shows that a witness who had testified upon a preliminary trial could not be found by the officers after a diligent search, the trial court has a right in the exercise of its discretion to permit the admission of such testimony against a defendant, and upon appeal it will be presumed that this discretion was properly exercised in the absence of a showing to the contrary. Edwards v. State, 9 Okla. Cr. 306, 131 P. 956, 44 L.R.A., N.S., 701; Armstrong v. State, 68 Okla. Cr. 105, 95 P. 2d 919; State v. King, 24 Utah 482, 488, 68 P. 418, 91 Am. St. Rep. 808; People v. Boyd, 16 Cal. App. 130, 116 P. 323; People v. Fish, 125 N.Y. 136, 26 N.E. 319; 2 Wigmore on Evidence, par. 1405.

We find no error in the ruling of the court.

It is next argued that the evidence was insufficient to show the crime charged in the information was committed. We have carefully studied the entire record and cannot agree with this contention. We shall not summarize the entire evidence. Suffice to say the evidence does disclose that on the afternoon of the 5th day of February, 1952, John Thomas Healey and Michael D. Scott, young men, arrived in Tulsa, washed up at the Y. M. C. A., ate at a diner, inquired of a taxi driver the road to Galveston, Texas, via Oklahoma City, and walked out on U. S. Highway 66 to "hitch a ride". The evidence shows that three men later identified as the defendant, Denver Richardson, his brother Harrison Richardson, and a boy named Walker, drove by and one of them asked Healey and Scott if they wanted a ride, and they answered "Yes", and were told to climb in the back seat, where they piled their suitcases and canvas bags, and Scott sat on the extreme right, Healey in the middle, and the smaller of the defendants, identified as Walker, sat in the back with them. Harrison Richardson was driving, and a red-headed man identified as Denver Richardson sat in the front seat on the right of the driver.

The evidence shows that the defendant and his companions agreed to drive Healey and Scott to Dallas, where work would be sought, and inquired as to their finances. They drove to the country, stopped and soon one boy made as if he obtained a firearm from the glove compartment and Healey and Scott were ordered to the rear of the car, which had been stopped out on a country road, made Healey and Scott undress and proceeded to search their clothing and

their baggage, scattered some of their things about and when the hitchhikers protested, beat them up and then told them to take off, shod only in their socks. They ran until they became exhausted and entered a home and the owner was on the verge of killing them with his shotgun when he became convinced that they were frightened and injured. The sheriff's office was called, and a radio message went on the air for the apprehension of the defendant and his companions, who were quickly taken in charge in the 1600 block of East Admiral by patrolman Raiford and other officers. The broadcast described a two-door maroon Ford coach with worn upholstery, occupied by three boys. One officer stayed with the car while two took the defendant and his companions to the police station. The car was towed in by a wrecker and the officers about two hours later succeeded in opening the turtleback and found four pairs of socks, razor blades, shaving brush, a razor and kit. These articles were not specifically identified by Healey and Scott as articles taken from them.

In the meantime, a deputy sheriff appeared at the home of Andrew J. Brotton, where Healey and Scott had sought refuge. Scott had been bleeding at the mouth, nose and eyes, and was trembling and shaking. Healey's face was also swollen. The officer drove around and found the place where a car had been stopped and found Healey's empty pocketbook by the road and the grips and various items of clothing scattered around. Healey swore that he never did find three of his shirts, or $7 in money and other items.

The defendant and his companions were transferred from the police station to the sheriff's office. There they were identified by Healey and Scott as the men who had beaten them, taken the $7 and various other items and for all they knew, at the time they were made flee in their socks, everything they had.

Harrison Richardson was wearing a pair of boots identified by Scott as having been taken from him, and Scott was still in his stocking feet. The boots fitted him.

It is next contended that the second search of the automobile, around two hours after the arrest, was unlawful and in violation of Art. II, § 30 of the Constitution of Oklahoma. It is said that a search warrant was required.

The radio broadcast described the 1941 or 1942 two-door Ford coach occupied by three boys and stated that three boys with such a car had just robbed by force two other boys, and giving the approximate location of the robbery. The broadcast described a felony as having been committed, and this court has many times held that where the officers have information that felony has been committed, and where they have reasonable grounds to believe the defendant has committed this felony, they may legally arrest him, and evidence obtained in the search of his person, car, or premises after his arrest is admissible. Luker v. State, 60 Okla. Cr. 151, 62 P. 2d 255; Loftin v. State, 60 Okla. Cr. 183, 62 P. 2d 664; Steyh v. State, 58 Okla. Cr. 258, 52 P. 2d 121.

We do not find the delay of two hours in getting into the turtleback unreasonable. The evidence shows that the handle was broken off and it required a wrench to turn the bolt. An officer guarded the car until it was placed in storage. The officers returned as quickly as they could get the prisoners identified and safely incarcerated. See Brinegar v. State, 97 Okla. Cr. 299, 262 P. 2d 464; and Callahan v. State, 42 Okla. Cr. 425, 276 P. 494; Davis v. State, 30 Okla. Cr. 61, 234 P. 787; Coffelt v. State, 36 Okla. Cr. 365, 254 P. 760.

If counsel had interposed an objection to the evidence concerning the articles found in the turtleback of the car as not adequately identified as being property taken from Healey and Scott, no doubt the court would have stricken such evidence from consideration unless the county attorney thus apprised would

have been able to properly so identify the articles heretofore named. But the evidence otherwise supported the charge.

It is finally argued that the court should have given defendant's requested instructions 1 and 2, and erred in giving instructions 4 and 7. No citation of authority is given in support of this argument. We have carefully read the instructions requested and the instructions given. The court fairly and impartially submitted the issues. The statutory definition of robbery was given. We find no error.

The judgment of the district court of Tulsa county is affirmed.

JONES and BRETT, JJ., concur.