**Eugene Leroy SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15355.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Sullivan & Sullivan, Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Eugene Leroy Smith, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Grady County for the offense of Robbery with Firearms; his punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that Donald Jones was employed at the Chickasha Hotel in Chickasha, the evening of January 2, 1969. He testified that a person, identified as the defendant, approached the desk and inquired about a guest of the hotel. He was looking at the register when the defendant handed him a sack and said, "this is a holdup and I've got a .38 pointed at you." The defendant's left hand was under his sweater. He put coins and bills in the sack totalling $127.95. The defendant ran out the west entrance as two other individuals were entering the door. He testified on cross-examination that he picked the defendant from a lineup.

Mike Mullins testified that as he and Randy Brown were entering the hotel, the defendant was exiting with a sack in his hand; that the defendant ran to a red 1960 model station wagon. He jumped out of the way as the station wagon started down the road. The companion, Randy Brown, hit the window on the driver's side and he thought that the glass cracked.

Charlie Marshall, the City Marshall of Tuttle, testified that he received a description of a suspect of an armed robbery and a description of the vehicle. He observed the vehicle traveling at a high rate of speed and saw it run a stop sign. He took pursuit, turned on his red light, and stopped the vehicle being driven by the defendant.

Lt. Barnhill of the Chickasha Police Department testified that he observed the defendant in Tuttle. He searched the vehicle and found a paper sack. He did not find a weapon. He later searched the defendant and the defendant said: "I believe this is what you are searching for." The defendant had $120.00 in bills and $10.39 in change.

Gwin Fitzpatrick, the Assistant Chief of the Chickasha Police Department, testified that the defendant signed a waiver as to his being represented by an attorney at a lineup. A lineup was conducted and the witness Jones identified the defendant. A picture of the lineup was taken and introduced into evidence.

Laverne Smith, the defendant's mother, testified that the defendant had been sniffing gasoline and glue since he was thirteen years old; that he was quite violent and irrational while under the influence of gasoline. He had attempted suicide on three separate occasions and had received psychiatric treatment; that on the night in question he had been drinking and left Duncan in the station wagon without permission. She testified that she had given the defendant $9.00.

Jackie Green, the defendant's sister, testified concerning his habits of sniffing glue and gasoline and that he had been normal for some time.

Elmer McGill, a Duncan policeman, testified that he answered a call four years prior, and found the defendant under the influence of glue.

Joyce Castile, another sister of the defendant, testified about his habits of sniffing gasoline and glue and how it had affected him. She testified that on the evening in question the defendant was completely drunk; that the station wagon was brought to her home after his arrest and the car windows were not broken.

Harley Smith, the defendant's father, testified, in substance, as to the previous witnesses concerning sniffing glue and gasoline. He substantiated the testimony that the car windows were not broken.

Dr. King Price, the Clinical Director of Central State Hospital, testified in rebuttal, that the defendant was examined at the hospital and that the defendant was not mentally ill on the day of the robbery.

The defendant's first proposition contends that the trial court erred in admitting the in-court identification of the defendant without first determining, outside the presence of the jury, that the identifications were not tainted by a possible illegal lineup. The record does not reveal that the identifications were objected to by the defendant, nor does it reveal that an evidentiary hearing was requested by the defendant.

In the case of Davis v. State, Okl.Cr., 467 P.2d 521, we stated:

"We further observed that *in the event the defendant raises a timely objection to the courtroom identification of the defendant* for the reason it is based on a pre-trial identification by photograph or lineup * * * the trial court should conduct a hearing outside the presence of the jury and determine if the pre-trial identification procedure was conducted in accordance with the rule enunciated in United States v. Wade, [388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149] * * *" (Emphasis added).

■ Although this proposition is not properly before this Court since it was not raised at the trial, we have carefully reviewed the record and are of the opinion that the in-court identifications were based on the defendant's appearance at the scene of the crime, and not as a result of extrajudicial identifications. We, therefore, find this proposition to be without merit.

■ The defendant's next proposition alleges that the trial court erred in admitting testimony as to lineup procedure. We note that this testimony was not objected to by the defendant and was, in fact, first brought out by the defendant on cross-examination of the first witness. It is well established that errors to which no objections are interposed, not fundamental or jurisdictional, will not be considered on appeal. We find this proposition to be without merit.

■ The defendant's third proposition alleges that the trial court erred by answering certain questions of the jury. [A careful review of the record reveals that not only did the defendant not object to the court's answers, but that he specifically requested, in person and by his attorney, that the court answer the questions.] The trial court, thereafter, answered the questions with the responses requested by the defendant. This Court has not, and will not, condone actions of defense counsel in lying behind a log. We find this proposition to be without merit.

■ The defendant's final proposition contends that the punishment is excessive. The record reveals that the only testimony which could have inflamed the jury was that introduced by the defendant's witnesses who testified as to the defendant's bizarre actions over several years after sniffing gasoline and glue. We need only observe that the punishment is well within the range provided by law and does not shock the conscience of this Court.

In conclusion, we find that the record is free of any error which would justify modification or reversal, and are thereby of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.