**Clyde HARRISON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–15753.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Rehearing Denied March 15, 1973.

Richard Trippet, Beaver, for appellant.

Larry Derryberry, Atty. Gen., and Paul Ferguson, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Clyde Harrison, hereinafter referred to as defendant, was charged,

tried, and convicted in the District Court of Beaver County, Oklahoma, Case Number CRF–69–29, for the offense of Grand Larceny After a Former Conviction of a Felony. Defendant waived a jury trial and was tried by the trial court. The defendant's punishment was fixed at two (2) years' imprisonment; and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, R. J. Meteer testified that on the night of January 27 or the early morning of January 28, 1969, his 1946 gray Ford tractor, valued at approximately $500.00, was stolen. The tractor was located approximately eight miles south of Beaver, Oklahoma, five or six weeks later.

Tony Compton testified he was employed as the undersheriff of Beaver County and the stolen tractor was parked on land leased by him on the night of the theft. He and the sheriff went to the scene of the crime and found two sets of footprints, tractor tracks and particles of paint embedded in the ground. Photographs and plaster casts were made of the tracks. The tractor and identification number were thereafter listed as stolen with the police network. Compton further testified he received a call from Buffalo, Oklahoma, of a similar incident involving an attempted Grand Larceny of a tractor in Harper County the night before. He and Sheriff Shook went to the scene of the other attempted crime and observed the tracks at this location. Compton testified that in his opinion the truck tracks at both locations were the same.

Marcus Holcomb testified he lived south of Buffalo, Oklahoma; and he and a neighbor, Earl Duble, investigated a suspicious looking truck and its occupants parked on a country road near a corral located on Mr. Duble's property. Mr. Duble had various items of personal property and a Ford tractor stored at the corral. Holcomb obtained the license tag number of the truck and observed the occupants.

Earl Duble testified to substantially the same facts as Holcomb, but added that on the night of January 27, 1969, someone attempted to steal his tractor.

Sheriff Shook's testimony was the same as his undersheriff's, but testified further that they located the defendant's truck in Kansas and the truck tracks found at the scene matched the truck tires on defendant's truck.

Perry J. Towne, an agent for the Oklahoma State Bureau of Investigation, testified he made plaster casts of the tracks at the scene of the crime in Beaver County and at the scene of the attempted theft in Harper County and that these tracks matched the defendant's truck tracks.

Roger Marshall testified that on the morning of January 28, 1969, he was employed at Boston's 66 Service Station, located in Elmwood, Oklahoma. At approximately 2:45 A.M., two men pulled into the service station in a truck loaded with a tractor. He identified State's Exhibit 29–18 (picture taken in Kansas of defendant's truck) as the truck at the station that morning. He further identified the defendant in court as being a passenger in the truck on the morning of January 28, 1969.

The defendant testified for a defense that he was in Donna, Texas, on January 27, 28, and 29 which is approximately 1,100 miles from Beaver, Oklahoma. He, defendant, further testified he loaned his truck to a man named Isbell on January 25, 1969, and received the truck back three and a half days later. Thereafter, he sold the truck.

■ Defendant's first proposition asserts the trial court abused its discretion in giving any weight to the testimony of Witness Roger Marshall by reason that his testimony was impeached because of alleged discrepancies in his identification of the defendant at the preliminary hearing and at the trial.

We first observe that Witness Marshall's identification of the defendant at the preliminary hearing was somewhat confused, but he did identify the defendant. We be-

lieve the weight to be given this witness' testimony is a matter for the trier of the facts.

██ Defendant also contends under proposition number one that Witness Marshall's identification of the defendant at the trial was tainted by the actions of the sheriff through pretrial exhibition of the defendant to this witness. The record reveals that no objection was made to the in-court identification of the defendant. Further, the record reveals that Witness Marshall positively identified the defendant from his appearance at the service station on the morning of January 28, 1969. We, therefore, find no merit in defendant's proposition. See Fillmore v. State, Okl. Cr., 483 P.2d 750 (1971) and Smith v. State, Okl.Cr., 481 P.2d 779 (1971).

██ Defendant's proposition numbers two, three, and five go to the sufficiency of the evidence to justify the verdict and judgment of the trial court. While there is a conflict in the evidence, the judgment of the trial court is entitled to the same weight on appeal as the verdict of a jury. In the case of Swift v. State, 92 Okl.Cr. 43, 220 P.2d 300 (1950), this Court stated in Syllabus 6:

> "A jury being waived, the judgment of the trial court upon a disputed question of fact, where there is competent evidence to support his finding, will be entitled to the same weight on appeal as the verdict of a jury."

Also see Wilkerson v. State, Okl.Cr., 364 P.2d 709 (1961).

██ Defendant in his fourth proposition contends the trial court erred in refusing to grant a mistrial on the request of the defendant when the state began its case by reading the second stage information charging former convictions of felonies, thereby prejudicing the defendant's right to a fair and impartial trial.

██ Because the trial court is charged with judicial notice of the contents of the records before it, we, therefore, find no merit in this proposition.

We have carefully reviewed the record finding no error that would justify reversal or modification. We are of the opinion the judgment and sentence herein should be, and the same is, Affirmed.

BUSSEY and BRETT, JJ., concur.