Ken L. **BELLMARD**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–717.

Court of Criminal Appeals of Oklahoma.

March 5, 1976.

Rehearing Denied March 24, 1976.

Rene Thomas Goupillaud, Kay County Public Defender, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Ken L. Bellmard, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Kay County, Case No. CRF–74–66, for the offense of Unlawful Delivery of LSD, in violation of 63 O.S.1971, § 2–401, ¶ B 1. Pursuant thereto his punishment was fixed at a term of five (5) years' imprisonment and was assessed a fine in the amount of Five Thousand ($5,000.00) Dollars. From this judgment and sentence defendant has perfected a timely appeal to this Court.

The facts adduced at trial are briefly as follows. A transcript of the preliminary hearing testimony of one Bianca Sue Keesee was introduced at trial over the objection of defendant and a brief summary of that testimony follows. She testified that on the 20th of June, 1974, the defendant and two others, whom she said were Karl Kuykendall and Minor Smith, were brought to her house by her sister and that she subsequently drove them to Newkirk, Oklahoma. She said that while en route to Newkirk there was some conversation with "blotter acid" being discussed, and Karl Kuykendall inquired as to whether she knew of anyone who wanted to buy. She was told the purchase price was two dollars a "hit," and she told them that she would inquire around to see if she could find a buyer. She said that she returned home and contacted Bill Rice of the Arkansas City Police Department, informing him that she knew where she could buy some LSD. She said the next day she met with Rice at his home along with Kay County Sheriff Coffelt, Detective Lloyd Pappan and another unidentified agent. She said later that afternoon she was contacted by Steve Deems, a detective with the Wichita Sheriff's Department, and that she thereafter accompanied Deems to Bellmard's house where she introduced him to the defendant. She stated that she observed the defendant transfer ten pieces of pink paper (blotter acid) to Deems who in turn gave the defendant two ten dollar bills. She said that upon leaving she and Deems met with other officers, and Deems turned the evidence over to Sheriff Coffelt. On cross-examination she testified that her brother-in-law, Bernard Beening, Jr., was employed by the Arkansas City Police Department. She further stated that prior to entering the Bellmard residence she was searched and that at no time did she handle the pink paper. She further admitted having smoked two joints of marihuana a week before the sale and also admitted to having used "eight hits of speed; and one hit of mescalline," in the past.

The next witness for the State was Steve Deems who testified he had been employed with the Sedgewick County Sheriff's Department as a detective assigned to narcotics from approximately January of 1973 until September of 1974. He said that on approximately the 21st of June, 1974, after talking with his supervisor, Captain Ernie Feeler, he proceeded to Arkansas City where he had a conversation with Detective Pappan and other officers, including Sheriff Coffelt. He said that shortly thereafter he contacted an informant, Bianca Sue Keesee, and after receiving money marked for the purchase of narcotics he accompanied Keesee in her car to Newkirk, Oklahoma, in Kay County. He said that after they were admitted into the Bellmard residence at 223 North Magnolia he walked to a back bedroom where he was introduced to the defendant. He asked the defendant if he had the acid and received an affirmative reply. He testified that thereafter the defendant walked into another room and returned, handing him ten pieces of pink paper which he identified as State's Exhibit No. 1 and that thereafter he gave the defendant two ten dollar bills. He testified that he and Ms. Keesee thereafter left the residence and met with other officers at which time the evidence was marked and turned over to Sheriff Coffelt.

Sheriff Coffelt testified that he did meet with Keesee and the other officers, as illustrated by the prior testimony, and that he received State's Exhibit No. 1 and thereafter delivered that exhibit to the Oklahoma State Bureau of Investigation.

John McAuliff testified that he was Chief Chemist for the Oklahoma State Bureau of Investigation. He testified that he had performed chemical tests upon the substance on the blotter paper and as the result of these tests he concluded the substance to contain lysergic acid diethylamide, commonly known as LSD. The State then rested.

The defendant did not testify nor did he offer any witnesses in his behalf.

The defendant's first assignment of error asserts that the trial court erred when it allowed the State to introduce into evidence the preliminary hearing transcript of the testimony given by State's chief witness Bianca Sue Keesee, who did not appear at trial. The defendant contends that the State failed to prove the exercise of due diligence in attempting to secure the presence of witness Keesee and thus a proper predicate for the introduction of the testimony was not laid, citing *Newton v. State,* Okl.Cr., 403 P.2d 913 (1965), and *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). The defendant further contends that the State had knowledge of the location of witness Keesee and that it failed to make use of the Uniform Act to secure the attendance of witnesses from without a state in criminal proceedings as provided in 22 O.S.1971, § 721 et seq.

The record reflects that the State attempted to secure the presence of witness Keesee by service of an out-of-county subpoena upon witness Keesee out-of-state one day prior to trial. Under the facts and circumstances of this case we do not find that the State exercised a good faith due diligent effort to secure the attendance of witness Keesee. See, *Barber v. Page,* supra, and *Smith v. State,* Okl.Cr., 546 P.2d 267 (1975). However, the testimony of Steve Deems conclusively and unequivocally establishes the transfer of the LSD from the defendant to him. We are thus of the opinion that the denial of the defendant of his right to confrontation of witness Keesee is merely harmless error as the testimony of Bianca Sue Keesee was merely cumulative to the proof of the offense charged. See, 20 O.S.1971, § 3001; *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Moore v. State,* Okl.Cr., 507 P.2d 1290 (1973); and *Woods v. State,* Okl.Cr., 526 P.2d 944 (1974). For the reasons herein stated we find defendant's first assignment of error to be without merit.

Defendant's second assignment of error asserts that the trial court further erred when it permitted the State to read into evidence the preliminary hearing testimony given by State's witness Keesee where there existed a transcript of testimony of that witness taken at the first trial of defendant and which would more closely protect the defendant's right to confrontation. We need only note that the testimony of witness Keesee was merely cumulative as previously stated and as such the introduction of the testimony was but harmless error. See, 20 O.S.1971, § 3001, and *Chapman v. California,* supra. Therefore we find no merit in the defendant's second assignment of error in light of our previous disposition of the defendant's first assignment of error.

For all the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and accordingly is, *AFFIRMED*.