**Melvin Eugene ALLISON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. 0–76–412.**

Court of Criminal Appeals of Oklahoma.

March 31, 1977.

Elam J. Raymond, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Michael Darrah, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Melvin Eugene Allison, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Osage County, Case No. CRF–74–443, for the offense of Uttering a Forged Instrument, in violation of 21 O.S.1971, § 1592. His punishment was fixed at a term of ten (10) years' imprisonment, said sentence being suspended. On the first day of December, 1975, the District Court, Osage County, entered an order revoking said suspended sentence. The trial court ordered the defendant to serve a period of five (5) years in the custody of the Department of Corrections of the State of Oklahoma, the remaining five (5) years of said sentence to remain suspended. From said order revoking the suspended sentence, a timely appeal has been perfected to this Court.

The State introduced evidence that the defendant had committed several violations of the terms and conditions of probation. There was evidence submitted that on June 12, 1975, the defendant raped one Glenda Gay Combs. The victim, an eyewitness, and the investigating officer were called to testify to facts concerning the sexual assault. In rebuttal the defendant admitted having had sexual intercourse with Ms. Combs, but denied using any force or threats, and a friend of the defendant who accompanied him to Ms. Combs mobile home on the date and time of the alleged rape testified that he saw the defendant go into the trailer with Ms. Combs and that he remained there for approximately 30 minutes, but during this period he neither saw nor heard anything unusual.

Evidence of petty larceny of a steak was submitted to the court by the testimony of Ruth Ray. She stated that on June 12, 1975, the defendant stole a steak from a charcoal grill in front of her house. The defendant admitted taking the steak.

Evidence of other violations of the terms and conditions of probation was presented through the testimony of Judy Benson, defendant's probation officer. It was her testimony that the defendant, "failed to respond to instruction, and didn't report." Specific examples of the violations were, inter alia, that the defendant gave her a false address, that he failed to report as directed on four different occasions, and that he had never reported to her since he had been on probation. The State without objection introduced into evidence the judg-

ment and sentence, waiver of rights to a plea of guilty, and the rules and conditions of the defendant's suspended sentence. The court stated that it would take judicial notice of them because they were, "part of the Court file and would be admitted."

In testifying in his own behalf the defendant stated that as a result of being incarcerated in Stillwater for three months on an unrelated charge he was unable to contact his probation officer. Further, he generally denied the other alleged violations of his suspended sentence, as testified to by Ms. Benson.

In defendant's first assignment of error he asserts that he was denied due process of law under the United States and Oklahoma Constitutions in that the testimony of Glenda Gay Combs, taken at the preliminary hearing of the rape charge, was allowed to be read into the record without the defendant having an opportunity to cross-examine the witness.

The Sixth Amendment of the United States Constitution provides in part:

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; . . ."

This right of the accused to be confronted with witnesses against him is so fundamental to due process that the United States Supreme Court in *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), made this right obligatory on the states by virtue of the Fourteenth Amendment to the United States Constitution. Under Section 20, Article II, of the Constitution of the State of Oklahoma, the same right is afforded the accused in all criminal prosecutions.

In the case of *Brown v. State*, Okl.Cr., 494 P.2d 344 (1972), this Court held that the right to counsel and to be confronted by witnesses against him applied to hearings on revocation of suspended sentences.

■ Where a witness was examined and cross-examined by the defendant at the preliminary hearing, but was absent at trial and not within the court's jurisdiction, the State may upon proper predicate introduce that witness' testimony at the later trial. *Roberson v. State*, Okl.Cr., 483 P.2d 353 (1971); *Richardson v. State*, 97 Okl.Cr. 370, 264 P.2d 371 (1953).

■ The case of *Smith v. State*, Okl. Cr., 546 P.2d 267 (1976), is the controlling case in this area. In that case this Court held:

"[T]he prosecution in seeking to introduce the preliminary hearing transcript must sufficiently prove: (1) The actual unavailability of the witness despite good faith and due diligent efforts to secure the presence of the witness at trial; and, (2) the transcript of the witness' testimony bears sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony. . . ." (Citations omitted)

There are further limitations which are placed on the State. The term "due diligence" implies more than partial notice and last minute activities. *Newton v. State*, Okl.Cr., 403 P.2d 913 (1965). The testimony must be taken down by a reporter in the presence of the defendant, and his counsel must have had an opportunity to cross-examine the witness. *Smith v. State*, supra; *Bellmard v. State*, Okl.Cr., 547 P.2d 388 (1976).

■ In showing that these requirements were met, the Assistant District Attorney was sworn to testify. The witness stated that he assigned Deputy Roy Wilson to locate the witness and at different times seven to eight subpoenas were issued; however, Wilson was unable to serve any of them. Deputy Ron Wilson of the Osage County Sheriff's Office testified that he attempted to serve the witness at the address where he had found her on prior occasions, but no one was living at that address. Relatives of the witness told him she was living in Texas, and a search of Shidler failed to disclose her location. In subsequent searches of the area, Deputy Wilson did not find the witness Combs, although he had heard she was in the area.

From the foregoing testimony, this Court is of the opinion that the dictates of *Smith v. State, Newton v. State,* and *Bellmard v. State,* supra, have been met in this case, thereby rendering the preliminary hearing transcript of the testimony of Glenda Gay Combs admissible at the revocation hearing. In so holding, the "fundamental considerations of fairness," guaranteed the defendant in a proceeding of this nature have been satisfied.

■ In defendant's second assignment of error he asserts that the trial court erred in revoking the suspended sentence based upon rules and regulations imposed which were not introduced into evidence. Courts may grant suspended sentences under the authority of 22 O.S.1971, § 991a. A suspended sentence may only be revoked for violations of conditions imposed by the court at the time of the suspended sentence. For this reason the rules and conditions of a suspended sentence are an essential part of the evidence required for revocation. That this requirement was met is evidence by the proceedings which took place on pages 171 and 172 of the trial transcript. It is stated in part as follows:

"THE COURT: (now back in session) You may proceed.

"MR. PACENZA: Your Honor, at this time I'd ask that the Judgment and Sentence; the Waiver of Rights on a Plea of Guilty; and the Rules and Conditions, all of which the defendant signed in this case, be admitted into evidence, out of the Court file.

"MR. RAYMOND: We have no objection, your Honor.

"THE COURT: OK. The Court will take judicial knowledge of them. They are a part of the Court file, and they will be admitted."

■ On page 21 of the record are found the rules and conditions of parole, probation and conditional release, and in those rules it is stated not only that he is not to violate any of the rules therein, but also contains the defendant's signature. This Court has held that the trial court is charged with judicial notice of the contents of the records before it, and the defendant will not be prejudiced by the failure of the State to produce a copy of the original judgment and sentence. *Grice v. State,* Okl.Cr., 530 P.2d 565 (1974).

Therefore, the trial court had all the instruments properly before it which were found in the court file and necessary to revoke the suspended sentence of the defendant. Finally, the trial court admitted that file and it therefore follows that the defendant's assignment of error is without merit.

■ Without submitting authority or argument, defendant lastly contends that it was error to revoke his suspended sentence because it was not supported by sufficient evidence. Violations of the conditions of a suspended sentence need only be shown by a "preponderance of the evidence, and upon compliance with statutory requirements and considerations of fairness," therefore, "the decision to revoke suspension lies within the sound discretion of the trial court." *Barthiume v. State,* Okl.Cr., 549 P.2d 366, 367, 368 (1976); *Sage v. State,* Okl.Cr., 546 P.2d 1332 (1976); *Fain v. State,* Okl.Cr., 503 P.2d 254 (1972); and, *Carson v. State,* Okl.Cr., 493 P.2d 1397 (1972). Further, the decision of the trial court will not be disturbed absent a manifest abuse of discretion in this regard. *Phipps v. State,* Okl.Cr., 529 P.2d 998 (1974).

■ It is apparent that the court had before it competent evidence from which it could conclude that the defendant had violated the conditions of his suspended sentence in three distinct ways, any one of which would be sufficient for suspension of sentence. For these reasons this assignment of error is without merit.

On careful examination of the record presented on appeal for fundamental and jurisdictional defects, we are of the opinion that the decision of the trial court to revoke only five (5) years of defendant's ten (10) years suspended sentence is both fair and just, and therefore must be AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.