**Richard O. MOORE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17564.**

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Jones & Jones, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard O. Moore, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Okfuskee County, Oklahoma, to the offense of Larceny of Domestic Animals, Case No. CRF–69–11, on November 25, 1969 and received a ten-year suspended sentence. On May 24, 1972, the trial court entered an Order revoking the suspension and from said Order, a timely appeal has been perfected to this Court.

At the revocation hearing, Henry Johns testified that he was employed as a State probation and parole officer. In November or December of 1970, he had a conversation with the defendant at the police station in Henryetta. After advising the defendant of "his rights" the defendant stated that he and his wife were driving to Poteau and picked up a hitchhiker who had some whiskey. He drank some of the whiskey and they stopped at a tavern or bar. The defendant took some items from an unattended pickup. Some police officers started chasing his pickup and the defendant shot at the pursuing officers.

Ed Shifner testified that he was formerly employed as a deputy sheriff in LeFlore County. On the day in question, he received a report about "some stuff stolen in a beer tavern." He received a description of a vehicle involved and observed it about eight miles out of Heavener. He turned around to follow the vehicle and requested that a road block be set up at Heavener. The vehicle ran the road block and he continued the chase. He pursued the vehicle for approximately thirty miles until the vehicle was stopped. A highway patrol trooper joined in the chase and he observed what appeared to be "fire spitting from a gun" as they were chasing the defendant. The highway patrol unit was struck by a bullet on the left front light. He identified the defendant as the person driving the vehicle.

Over the objection of the defendant, a transcript of testimony of Trooper Monty Green given at a revocation hearing in another county was introduced into evidence. Green testified that he joined in the chase of the defendant's vehicle. He heard a shot and, in return, attempted to shoot the

defendant's tires. Other shots were fired from the driver's side of the pickup. The chase continued into the State of Arkansas until the defendant lost control of the vehicle and hit a sign and bridge abutment.

Deputy Sheriff Baugh testified that he was riding as a passenger in Trooper Green's vehicle. They pursued the defendant for approximately twelve miles at speeds of eighty to ninety miles-per-hour. The defendant fired several shots at the officers. After the defendant wrecked his vehicle, he stuck his feet out and said, " 'I'll kill every damn one of you.' " (Tr. 42) A .25-caliber automatic pistol and a .22-caliber pistol were found in the cab of the defendant's vehicle.

■ The first proposition asserts that the trial court erred in admitting testimony of all witnesses produced by the State because the doctrine of collateral estoppel would apply. The briefs adduced that on November 25, 1969 the defendant entered a plea of guilty to the instant case in Okfuskee County. On December 8, 1969 the defendant entered a plea of guilty to the charge of Burglary in the Second Degree in Okmulgee County and received a seven-year suspended sentence. On December 8, 1970, an Application to revoke the suspended sentence in Okmulgee County was filed alleging that the defendant was charged with three criminal offenses in LeFlore County occurring on November 12, 1970. The seven-year suspended sentence is Okmulgee County was ordered revoked and the defendant was incarcerated at the state penitentiary. On December 16, 1971, the trial court in Okmulgee County granted defendant's Application for Post-Conviction Relief and set aside the Order Revoking the Suspended Sentence. Defendant argues that the doctrine of collateral estoppel applies in that the grounds for revoking suspended sentences in both Okmulgee and Okfuskee County were the three criminal charges in Poteau. Although

the trial court's Order Granting Post-Conviction Relief was not made a part of the record in the instant case, it would appear that the trial court set aside the Order Revoking Suspended Sentence because the three charges in LaFlore County were subsequently dismissed by the State.

We are of the opinion that the doctrine of collateral estoppel does not apply. The merits of the three criminal charges in Poteau were not adjudicated by a court but rather were dismissed upon the representation to the then District Attorney of LeFlore County that defendant's suspended sentence was being revoked in Okmulgee County and that he was being incarcerated in the state penitentiary for fourteen years. We, therefore, find this proposition to be without merit.

The second proposition contends that the allegations in the application to revoke related to felony charges that had been dismissed and, therefore, no evidence could be presented in reference to those charges. For the reasons set forth in our decision on the defendant's first proposition, we are of the opinion that this proposition is likewise without merit.

■■ The final proposition asserts that the trial court erred in admitting the transcript of Trooper Green's testimony. This proposition is well taken in that the State did not establish due diligence in attempting to obtain the presence of the Witness Green other than the issuance of a subpoena and that Green was on vacation. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. We are of the opinion that the admission of the transcript was not fundamental error in that Green's testimony was merely cumulative to the testimony of the other witnesses.

The order revoking suspended sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.