The STATE of Oklahoma, Appellant,

v.

Ronald Dale GATES, a/k/a Ronald Dale Fultz, Appellee.

No. O-77-618.

Court of Criminal Appeals of Oklahoma.

March 13, 1978.

James C. Langley, Asst. Dist. Atty., Payne County, for appellant.

William J. Hornbostel, Bullock & Hornbostel, Stillwater, for appellee.

## OPINION

CORNISH, Judge:

The State appeals on a Reserved Question of Law, pursuant to 22 O.S.1971, § 1053. Appellee, Ronald Dale Gates, also known as Ronald Dale Fultz, hereinafter referred to as defendant, was charged with the offense of Uttering a Forged Instrument, in violation of 21 O.S.1971, § 1592, in the District Court, Payne County, Case No. CRF–77–54. Following the State's opening statement, defendant's motion for a directed verdict, or demurrer, was sustained and the case was dismissed. From said order the State has perfected its appeal to this Court.

Briefly stated, the facts as pertinent to this appeal are these. Stephen K. Ulmer, of Stillwater, attended school there and normally received a monthly check for $292.00 from the Federal Government under the "G. I. Bill." Mr. Ulmer did not receive the check due on or about January 1, 1977. Subsequently, on February 21, defendant and several others conjointly forged Ulmer's name to the check and cashed it.

Preliminary hearing was had on March 7, 1977, at which time Mr. Ulmer testified. On May 23, 1977, defendant was scheduled to be tried before a jury. At trial, the State moved to be permitted to introduce the recorded testimony of Ulmer given at the preliminary hearing, on the grounds that Mr. Ulmer could not be located. After argument this motion was denied. The defendant then moved for a directed verdict and the motion was sustained.

At preliminary hearing, Mr. Ulmer testified that he failed to receive his check in January, but was thereafter able to secure another check from the Veteran's Administration. During direct examination Ulmer was shown State's Exhibit No. 1, a United

314

States Government check made payable to Stephen K. Ulmer in the amount of $292.00, date January 1, 1977. The check was endorsed "Stephen K. Ulmer" with an address written on it. Mr. Ulmer stated that he had not signed his name to the check, nor had he given anyone permission to do so. He further stated that the address was not his. During the State's opening statement at trial, no mention of the foregoing testimony of Stephen K. Ulmer was made.

■ In granting defendant's motion for directed verdict, the court concluded that, without testimony from Stephen K. Ulmer, the State could not prove that the check was forged. The State does not contend on this appeal that said ruling was incorrect, only that it was error to refuse to permit the State to introduce at trial the testimony of Ulmer from the preliminary hearing transcript.

In its brief, the State urges that at trial it had met all prerequisites for the introduction of the transcript of Ulmer's previous testimony. In *Allison v. State*, Okl.Cr., 562 P.2d 883, 885 (1977), this Court stated:

"The case of *Smith v. State*, Okl.Cr., 546 P.2d 267 (1976), is the controlling case in this area. In that case this Court held: "'[T]he prosecution in seeking to introduce the preliminary hearing transcript must sufficiently prove: (1) The actual unavailability of the witness despite good faith and due diligent efforts to secure the presence of the witness at trial; and, (2) the transcript of the witness' testimony bears sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony . . . .' (Citations omitted)"

The term "due diligence" implies more than partial notice and last minute activity. *Newton v. State*, Okl.Cr., 403 P.2d 913 (1965). The testimony must be taken down by a reporter in the presence of the defendant, and his counsel must have had an opportunity to cross-examine the witness. *Smith v. State*, supra; *Bellmard v. State*, Okl.Cr., 547 P.2d 388 (1976). See also, *Lamb v. State*, Okl.Cr., 560 P.2d 583 (1977).

In the present case, the difficulty concerns the unavailability of the witness, and whether or not the State exercised due diligence in attempting to secure his attendance. In *Smith v. State*, supra, it is stated that the admissibility of prior transcripts is within the discretion of the trial court, subject to the limitation enunciated above. See also, *Newton v. State*, supra. Our inquiry on appeal is thus limited to whether or not the trial court abused its discretion in concluding that the State had failed to show actual unavailability of the witness or its diligence in attempting to secure his attendance.

On May 6, 1977, trial of this matter was set for Monday, May 23, 1977. James C. Langley, Assistant District Attorney, caused a subpoena to be issued to Stephen K. Ulmer. The subpoena was apparently served on May 18. On Tuesday, May 17, Langley contacted Ulmer by telephone, and Ulmer indicated that on the next day, Wednesday, he was going to Alton, Illinois, to accept employment with the Delta Engineering Company. The following day, Wednesday, the 18th, Ulmer contacted Langley, and Langley indicated to Ulmer that he should call the District Attorney's Office when he arrived in Illinois and inform them of his address and telephone number. As of the day of trial, Monday, May 23, Ulmer had not called, and Langley had no knowledge of his whereabouts. Langley expressly declined to move for a continuance, stating that his caseload was pressing and that he wished to have the matter cleared up once and for all. He also indicated to the court that in his conversations with Ulmer, he had stated that there was a possibility that his testimony might not be necessary.

After hearing the evidence outlined above and after argument, the court ruled as follows:

"BY THE COURT: Apparently they do not choose to ask for a continuance. Clearly, whichever side is presenting the witness has the duty of getting the witness here. I think the only exception, probably is where the person is where his

location is unknown. This is really a difficult set of facts, because apparently this guy is, his location is unknown, but at the same time, he was not told unequivocally to be here. The important thing here is to see that all parties get their witnesses here, and I guess, for that reason, I'll have to deny the motion to use the transcript." (Tr. 32)

We find that the trial court's ruling was correct, that no abuse of discretion is apparent. Nothing in *Burke v. State,* Okl.Cr., 565 P.2d 54 (1977), cited by the State, directs a contrary result. There, it appeared that the State officials did not know of the witness' whereabouts at all, except that she was somewhere in Texas. Here, the District Attorney knew that the witness had gone to Alton, Illinois, for employment and, further, he knew the name of the company for whom the witness went to work. Additionally, the prosecutor knew beforehand that the witness was going to leave the State for employment, yet he made no effort to insure the witness' presence except for the request for an address and telephone number. On these facts, we find *Burke v. State,* supra, to be distinguishable from the instant case.

The State advances one other contention in support of its appeal. It is urged that another factor, in addition to those enumerated in *Smith v. State,* supra, should be considered in determining whether or not to permit the reading of former testimony at trial. It is argued that the nature of the testimony involved should be considered, and that in the instant case, the testimony involved was short and merely established the corpus delicti and in no way implicated the defendant. The State argues that in such a situation the party offering said testimony should not have to make as strong a showing of actual unavailability and due diligence as would be the case where the former testimony strongly implicates the defendant.

We are of the opinion that this argument is unsound. The right sought to be protected by the requirements of *Smith v. State,* supra, is the right to confront one's accusers, and that confrontation should be in the presence of the jury. Permitting the trial court to consider the nature of the testimony in determining whether to allow the introduction of former testimony could jeopardize this important right.

In view of the foregoing, we conclude that the trial court did not err in denying the State's motion to introduce the former recorded testimony of the witness Ulmer. AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.