Terry Allen JONES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0-85-198.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1988.

---

**2.** The record reveals that Lindsay Jones' father   is black, and Lisa Jones is white.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Terry Allen Jones, pled guilty in the District Court of Okmulgee County to the crime of First Degree Rape in Case No. HCRF–80–115 and was sentenced to ten (10) years imprisonment, with ten (10) years suspended. While serving part of the suspended sentence, appellant violated the terms and conditions of his probation. Subsequently, the State filed its Application to Revoke Suspended Sentence, and following a hearing, the trial court revoked appellant's entire sentence. From this order of revocation, appellant has perfected his appeal to this Court.

At the revocation hearing, the State presented evidence that appellant was arrested for Driving Under the Influence, was arrested for Child Abuse, was arrested for Destruction of Private Property, was arrested for Reckless Driving, was arrested for Assault and Battery, and was arrested for Second Degree Burglary. The State further showed that appellant failed to report to his probation officer for seventeen (17) months, falsified monthly reports, associated with known felons, used intoxicants, possessed a firearm, and received several misconduct reports against him.

For his first assignment of error appellant asserts that his due process rights were violated because he did not have adequate notice of the reasons his sentence was to be revoked and that evidence presented by the State was insufficient to revoke his suspended sentence. Specifically, he argues that the State was allowed to present evidence and allegations at the revocation hearing for which no probable cause had been found at his preliminary hearing, and in many instances, for which no written prior notice whatsoever had been provided. We disagree.

We first note that appellant has failed to include a copy of the record of the preliminary hearing transcript in the record. Without a copy of that proceeding we are unable to review appellant's allegation regarding the preliminary hearing.

■ We next find that appellant was properly apprised of the rules and conditions of his probation, and that the amended application to revoke suspended sentence clearly set forth the grounds upon which the State sought revocation. Moreover, after reviewing the record, we are of the opinion that the State clearly proved that appellant violated the rules and conditions of probation by a preponderance of the evidence. *See Caudill v. State*, 637 P.2d 1264 (Okl.Cr.1981). Consequently, we find no error.

Appellant next complains that the trial court erred in allowing the State to introduce the unsworn hearsay statements of Henry Mannon. At the revocation hearing, Officers Claver and Kaler testified that Henry Mannon confessed to the burglary of the Trail Lounge and stated that appellant helped him commit the burglary. The trial court allowed the officers to testify concerning Mannon's statements because Mannon was incarcerated in Texas and was "unavailable." Mannon's statement, which was reduced to writing, was introduced into evidence as State's Exhibit No. 1.

We deem it unnecessary to address this assignment. The State introduced overwhelming evidence of repeated violations by the appellant; therefore, the admission of the officers' testimony did not affect the outcome. This assignment is groundless.

■ Appellant finally urges, in the alternative, that this Court should substantially modify his sentence. The decision of the trial court to revoke a suspended sentence in whole or in part is within the sound discretion of the trial court and will not be disturbed absent an abuse thereof. *Houston v. State*, 591 P.2d 310 (Okl.Cr. 1979). Finding no abuse of discretion, we decline to disturb the trial court's ruling. This assignment is without merit.

The order of the District Court revoking appellant's suspended sentence is accordingly AFFIRMED.

BRETT, P.J., and PARKS, J., concur.