Johnny Lynn **GILBERT**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. 0–87–162.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1988.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Johnny Lynn Gilbert, appellant, waived jury trial and pled guilty to Uttering Two or More Bogus Checks (21 O.S.Supp.1982, § 1541.3), in Case No. CRF–84–16, in the District Court of Love County, the Honorable Charles A. Milor, II, Associate District Judge, presiding. On October 7, 1985, the court set punishment at imprisonment for five (5) years, with four (4) years suspended.

On August 5, 1986, the State filed a motion to revoke appellant's suspended sentence because he had allegedly violated the conditions of his suspended sentence. The court conducted a preliminary revocation hearing on August 22, 1986, Judge Milor presiding.

The State called three witnesses: appellant's probation officer, a Dallas, Texas, deputy sheriff, and the Love County sheriff. Appellant was represented by counsel, who cross-examined the State's witnesses, demurred at the close of the State's case, and rested without introducing any evidence.

The evidence adduced at the preliminary hearing revealed appellant had been released from house arrest and placed in the custody of his probation officer on March 25, 1986. In April, the officer visited appellant while he was in the Love County jail awaiting transfer to the Carter County jail on a firearm charge. Appellant reported to his probation officer in May and announced that he was going to Dallas, Texas, to look for work. The probation officer refused appellant permission to go to Texas because of 'the pending charges in Carter County.

Appellant went to Dallas. On June 11, 1986, he pled guilty to hitting a man over the head with a tire tool and was sentenced to one year in the Dallas County jail. During July, appellant escaped while on a work release program and the Dallas authorities issued an arrest warrant to the Love County sheriff, who arrested appellant at his mother's house. Appellant possessed a pistol at the time of his arrest. The evidence also established that appellant had failed to pay restitution or costs as required by his suspended sentence.

The court found probable cause existed that appellant had violated his suspended sentence and scheduled a revocation hearing for August 25, 1986. At that hearing, the State introduced the preliminary hearing transcript, rather than recall its witnesses, and rested. Appellant objected to the introduction of the transcript and moved to dismiss. The court held the motion in abeyance until September 8, 1986, at which time it overruled the motion to dismiss. Appellant rested without testifying or presenting evidence.

The court found appellant had violated the terms of his suspended sentence by (1) possessing a pistol, (2) escaping from custody in Dallas, (3) being convicted for hitting a man in Dallas, and (4) failing to pay fine and costs. The court revoked the suspended sentence and remanded appellant to the custody of the Department of Corrections

to serve the balance of his original sentence.

For his first two assignments of error, appellant asserts (1) the court erred by admitting the preliminary hearing transcript into evidence at the revocation hearing, and (2) because of that error, the decision to revoke was based upon insufficient evidence since the State introduced no other evidence. We disagree.

■ Had the State introduced the preliminary hearing transcript into evidence at a criminal prosecution, the reason given by the prosecution for not calling its witnesses would have failed to satisfy the threshold due process requirement of good faith and due diligence. *See Davis v. State,* 753 P.2d 388, 391 (Okla.Crim.App.1988). Here, however, the transcript was introduced at a revocation hearing, which is not a criminal prosecution, and the full panoply of rights due appellant in a criminal prosecution are not applicable to revocation proceedings. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Black v. Romano,* 471 U.S. 606, 613, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985), *reh'g denied,* 473 U.S. 921, 105 S.Ct. 3548, 87 L.Ed.2d 671 (1985).

The relaxed due process standards at a revocation hearing permit introduction of evidence such as "letters, affidavits, and other material that would not be admissible in an adversary criminal trial," *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604, and do not "prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon v. Scarpelli,* 411 U.S. 778, 782 n. 5, 93 S.Ct. 1756, 1760 n. 5, 36 L.Ed.2d 656 (1973).

Moreover, the Oklahoma Evidence Code does not act as a bar to the introduction of the transcript at a revocation hearing, as the evidence code is not applicable at "granting or revoking probation...." 12 O.S.1981, § 2103(B)(2).

■ We, therefore, conclude the trial court did not abuse its discretion by admitting the preliminary hearing transcript into evidence at the revocation hearing. Having so found, we further find substantial evidence supported the trial court's determination that appellant had violated the conditions of his suspended sentence. These assignments are without merit.

For his final assignment of error, appellant argues he was denied due process because the court failed to make a written statement of the evidence relied upon in revoking the suspended sentence and failed to specify the reasons why revocation was preferable to continued probation.

■ The order revoking the suspended sentence, along with the transcript, sufficiently apprised appellant of the grounds for revocation of his suspended sentence. *McQueen v. State,* 740 P.2d 744, 745–46 (Okla.Crim.App.1987), and *McCowan v. State,* 737 P.2d 954, 955 (Okla.Crim.App. 1987). Since the procedures followed at the revocation hearing afforded appellant due process, the judge's failure to explain on the record his consideration and rejection of alternatives to incarceration was not reversible error. *Black,* 471 U.S. at 616, 105 S.Ct. at 2260. This assignment is without merit.

Accordingly, the order to revoke appellant's suspended sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.