Robert Garcia **MONTEMAYOR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. O-86-931.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., W. Craig Sutter, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Robert Garcia Montemayor, appellant, pleaded guilty to Second Degree Burglary in Case No. CRF–83–85 in Custer County. On August 17, 1983, appellant was sentenced to the custody of the State Department of Corrections for two (2) years with two (2) years suspended. On July 30, 1984, the State filed an application to revoke appellant's suspended sentence. Following a hearing, the trial judge revoked the remaining fifteen (15) months of appellant's sentence. From the order of revocation, the appellant appeals to this Court. We reverse.

On June 1, 1986, appellant was arrested in La Porte, Texas, pursuant to a Bench Warrant issued in Custer County on July 30, 1984. A preliminary revocation hearing was held on June 20, 1986, and the State called as its only witness, Nick Masotti, a State probation officer, who identified the only exhibit admitted into evidence, a Department of Corrections file on the appellant containing a parole violation report completed by Chuck Roberts, appellant's probation officer. When the report was offered into evidence, counsel for appellant objected on the grounds that he had a right to confront adverse witnesses, and that he could not cross-examine Mr. Masotti about the allegations compiled in the report. Over this objection, the court admitted the report and the State rested.

In *Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484, 497 (1972), the Supreme Court declared that with respect to the preliminary hearing, on the request of the parolee, persons who have given adverse information on which parole revocation is to be based are to be made available for questioning in his presence. *See also Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656, 664 (1973).

In the instant preliminary hearing, no direct evidence of appellant's illegal conduct was introduced. He was held for the revocation hearing solely upon the basis of hearsay evidence. Appellant's counsel clearly brought out the fact that the State's only witness at the hearing had no first-hand knowledge of the facts set out in the report and did not know or recognize the appellant. Obviously, the use of such hearsay evidence denied the appellant the right to confront and cross-examine the very person who originated the allegations which formed the basis of the preliminary hearing. Thus, appellant was denied minimal due process of law. *See Hill v. State,* 350 So.2d 716 (Ala.Cr.App.1977).

Finally, it is clear that if merely filing a violation report is sufficient to hold a person over for the revocation hearing, then probable cause would lie within the discretion of the probation officers rather than with judicial officers. The decision of whether there is probable cause to believe that the arrested probationer has committed acts that would constitute a violation of probation conditions is a judicial function and should be based upon the appellant's conduct and not upon mere accusation.

For the above foregoing reasons the order of revocation is REVERSED.

BRETT, P.J., and PARKS, J., concur.