2008 OK CR 18

**Christopher WORTHAM, Appellant**

v.

**The STATE of Oklahoma, Appellee.**

**No. RE–2006–1100.**

Court of Criminal Appeals of Oklahoma.

June 19, 2008.

Melissa French, Assistant Public Defender, Oklahoma City, OK, for defendant in district court.

Jimmy Harmon, Assistant District Attorney, Oklahoma City, OK, for the State in district court.

Kim Chandler Baze, Assistant Public Defender, Oklahoma City, OK, for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Keeley L. Harris, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

### OPINION

LUMPKIN, Presiding Judge.

¶ 1 The Appellant, Christopher Wortham, has appealed to this Court from an order of the District Court of Oklahoma County, entered by the Honorable Jerry D. Bass, District Judge, revoking Appellant's suspended sentence in Case No. CF–1995–2711. In that case, Appellant entered a plea of guilty, pursuant to a plea agreement, to the offense of Robbery With a Firearm. He was convicted and sentenced to a term of twenty-five (25) years, with all except the first eight (8) years suspended under rules and conditions of probation.

¶ 2 On June 5, 2006, the State filed an application to revoke Appellant's suspended sentences alleging that he violated probation by committing the new crimes of ten counts of Rape in the First Degree, and four counts of Sexual Abuse of a Child, as charged in Oklahoma County District Court Case No. CF–2005–6074.[1] On October 6, 2006, the revocation hearing was held before Judge Bass.

¶ 3 At the revocation hearing, the only evidence offered by the State was the preliminary hearing transcript from Case No. CF–2005–6074, and State's Exhibit # 1, a DNA paternity report. The DNA was from a baby of one of the victims who got pregnant when she was eleven or twelve years old, which established a "99.99 something" percent probability that Appellant was the father.

¶ 4 Counsel for Appellant objected to the DNA report on confrontation grounds. Judge Bass denied the objection stating that hearsay is admissible, and is competent evidence as against Appellant. Counsel for Appellant also objected to the use of the preliminary hearing transcript from Case No. CF–2005–6074 on several different grounds. As reflected in the transcript, Appellant's objection pertinent to this appeal stated that the "[p]reliminary hearing judge, Judge Hubbard, was not allowed—was the judge allowed to see and hear the witnesses, is not allowed to make a determination about voracity [sic] wherein this particular hearing you are. And we believe it would be necessary for you to see and hear these witnesses, specifically the two victims that were called, so that you can determine the person's voracity [sic] because you are allowed to do that at this hearing." Judge Bass asked Appellant's counsel if she cross-examined both witnesses at the preliminary hearing in Case No. CF–2005–6074, and Appellant's counsel responded that she did.

¶ 5 The State noted it was the facts elicited at the preliminary hearing and not the magistrate's decision that were being offered into

---

1. The Oklahoma County District Court Docket reflects that, on January 19, 2007 in Case No. CF–2005–6074, Appellant entered a plea of guilty to all fourteen counts and was sentenced to thirty-five years on each, with the sentences to run concurrently. The District Court Docket and this Court's Docket both reflect that Appellant did not seek to withdraw his guilty plea in Case No. CF–2005–6074 within applicable time periods and failed to perfect direct appeal proceedings from that Judgment and Sentence.

evidence at this revocation hearing. The State also noted the witnesses could have been subpoenaed, but were not since they were cross-examined with a similar motivation at the preliminary hearing in Case No. CF–2005–6074. Judge Bass denied Appellant's objections, considered the evidence offered by the State, found Appellant had violated probation as alleged, and revoked his seventeen year suspended sentence in full.

¶ 6 Appellant brings this appeal asserting one proposition of error. Appellant contends the trial court's reliance on a transcript of testimony and a paternity report, absent a showing of witness unavailability, violated Mr. Wortham's fundamental right to confront witnesses and did not constitute sufficient competent evidence to support the revocation order.

¶ 7 As a preliminary matter, one of the State's arguments needs to be addressed. The State argues that Appellant objected to admission of the preliminary hearing transcript and paternity report in the District Court on different grounds than he is raising on appeal. The State claims Appellant objected that the revocation hearing judge was permitted to make determinations regarding witness veracity whereas a preliminary hearing judge cannot. While Appellant's objection may not have been stated as well as it could have been, it includes more than what the State is claiming. Defense counsel also stated "we believe it would be necessary for you to see and hear these witnesses, specifically the two victims that were called, so that you can determine the person's voracity [sic]." When she made this statement, defense counsel was complaining of not being able to confront the witnesses in the crucible of cross-examination before the trier of fact, a confrontation issue. *See Crawford v. Washington*, 541 U.S. 36, 61, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004). We find defense counsel adequately preserved a confrontation objection, the same grounds being raised on appeal. *Young v. State*, 2000 OK CR 17, ¶ 94, 12 P.3d 20, 45.

¶ 8 In support of his arguments in this appeal, Appellant relies extensively on *Montemayor v. State*, 1988 OK CR 285, 766 P.2d 1000, contending this case is very similar to, and controlled by, *Montemayor*. *Montemayor* can be distinguished, however, and is not applicable to the facts of this case. In *Montemayor*, the only exhibit admitted into evidence by the State was a Department of Corrections ("DOC") file on the defendant containing a probation violation report prepared by the defendant's probation officer. *Id.* ¶ 2, 766 P.2d at 1001. The defendant's probation officer did not testify at the revocation hearing, and the only witness called by the State was another probation officer who had no firsthand knowledge of the facts set out in the report and did not know or recognize the defendant. *Id.* ¶¶ 2, 4, 766 P.2d at 1001. The defendant was never allowed to confront his probation officer, the person who had prepared the DOC file and who originated the sole allegations forming the basis for the revocation. *Id.* ¶ 4, 766 P.2d at 1001. Under such facts, a probation officer would determine when a suspended sentence should be revoked rather than a judicial officer. *Id.* ¶ 5, 766 P.2d at 1001. As the United States Supreme Court held, the revocation of parole or probation should be made by a "neutral and detached" hearing body that is an "independent decisionmaker" not directly involved in the case. *Morrissey v. Brewer*, 408 U.S. 471, 485–86, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (parole revocations); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973) (adopting *Morrissey* in probation revocations).

¶ 9 In this case, the decision to revoke Appellant's probation was made by Judge Bass, a neutral and detached judicial officer. Rather than simply presenting a DOC file as in *Montemayor*, the State presented the DNA paternity report and the testimony and evidence contained in the preliminary hearing transcript in Oklahoma County District Court Case No. CF–2005–6074. Judge Bass considered that testimony and evidence in making his decision to revoke Appellant's suspended sentence. Appellant acknowledged he was able to confront and cross-examine the witnesses who testified concerning the facts and evidence at that preliminary hearing, and who originated the allegations forming the basis for Appellant's revocation.

*Cf. Montemayor,* ¶ 4, 766 P.2d at 1001. Judge Bass considered the testimony and evidence contained in the preliminary hearing transcript, and not just the decision to bind Appellant over for trial, thus distinguishing Appellant's case from those cases where the sole evidence is a non-final Judgment and Sentence, with no facts and evidence relating to that Judgment and Sentence being used to revoke the suspended sentence. *See Pickens v. State,* 1989 OK CR 58, ¶¶ 11–12, 779 P.2d 596, 598; *Cheadle v. State,* 1988 OK CR 226, ¶ 5,. 762 P.2d 995, 996. Thus, the preliminary hearing transcript provided competent evidence upon which Appellant's suspended sentence could be revoked. 22 O.S.Supp.2005, § 991b(A).

¶ 10 As Appellant notes, this Court has issued some conflicting decisions concerning whether the State can introduce the transcript of a previous judicial hearing into evidence in a revocation hearing without showing that the witnesses who testified at that previous hearing are unavailable. In *Garcia v. State,* No. RE–2006–885 (Okl.Cr. June 29, 2007) (not for publication), and *Gilbert v. State,* 1988 OK CR 283, 765 P.2d 807, this Court allowed admission of transcripts into evidence at a revocation hearing without a showing the witnesses were unavailable. In *Allison v. State,* 1977 OK CR 130, ¶¶ 6–13, 562 P.2d 883, 885–86; *Woods v. State,* 1974 OK CR 162, ¶ 12, 526 P.2d 944, 947; and *Moore v. State,* 1973 OK CR 141, ¶ 9, 507 P.2d 1290, 1292, this Court required the State to prove that witnesses were unavailable before transcripts of their previous testimony could be admitted in a revocation hearing. We find that our decisions in *Garcia* and *Gilbert* are the more persuasive authority that transcripts of previous judicial hearings, where the defendant was allowed to confront and cross-examine the witnesses, may be admitted into evidence in a revocation hearing without showing that the witnesses who testified at the previous hearing are unavailable. *Allison, Woods,* and *Moore* should be overturned insofar as they are inconsistent with our finding today.

¶ 11 A probationer is provided the statutory right to confront the witnesses against him or her in a revocation hearing. 22 O.S.Supp.2005, § 991b(D) (a "person whose suspended sentence is being considered for revocation at the hearing shall have the right … to be confronted by the witnesses against the defendant."). Any constitutional right to confront witnesses in a revocation hearing was found in the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Morrissey,* 408 U.S. at 480–81, 92 S.Ct. at 2600; *Scarpelli,* 411 U.S. at 782, 93 S.Ct. at 1759–60.

¶ 12 A probationer's right to confront witnesses at a revocation hearing is not found in the Confrontation Clause of the Sixth Amendment of the United States Constitution. By its express language, the Confrontation Clause only applies to criminal trial prosecutions. U.S. Const. amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him"). "Probation revocation, like parole revocation, is not a stage of a criminal prosecution." *Scarpelli,* 411 U.S. at 782, 93 S.Ct. at 1759–60. "The revocation of parole is not part of a criminal prosecution" and there is "no thought to equate [a revocation hearing] to a criminal prosecution in any sense." *Morrissey,* 408 U.S. at 480, 489, 92 S.Ct. at 2600, 2604. Therefore, authority involving criminal trial prosecutions and decided upon the Confrontation Clause of the Sixth Amendment, such as *Crawford, supra,* is not applicable to revocation proceedings or to this proposition. *See Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *State v. Gates,* 1978 OK CR 31, 576 P.2d 313; *Bellmard v. State,* 1976 OK CR 57, 547 P.2d 388; *Smith v. State,* 1976 OK CR 45, 546 P.2d 267; *Newton v. State,* 1965 OK CR 102, 403 P.2d 913. This Court's reliance on such authority applying a Sixth Amendment analysis in *Allison, Woods,* and *Moore* must be called into question.

¶ 13 The full panoply of rights due a defendant in a criminal trial prosecution does not apply to parole and probation revocations. *Morrissey,* 408 U.S. at 480, 92 S.Ct. at 2600; *Gilbert,* ¶ 9, 765 P.2d at 809. As stated in *Gilbert,* "[t]he relaxed due process standards at a revocation hearing permit in-

troduction of evidence such as 'letters, affidavits, and other material that would not be admissible in an adversary criminal trial,' *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604, and do not 'prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.' *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 5, 93 S.Ct. 1756, 1760 n. 5, 36 L.Ed.2d 656 (1973)." *Gilbert*, ¶ 10, 765 P.2d at 809. The *Morrissey* Court also stated that "[o]bviously a [probationer] cannot relitigate issues determined against him in other forums." *Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2605. In addition, the Oklahoma Evidence Code, including the hearsay rules contained therein, expressly does not apply to situations involving the revocation of probation. 12 O.S.Supp.2002, § 2103(B)(2). Thus, a probationer's right to confront witnesses against him in a revocation hearing clearly is not as stringent as a defendant's right to confront witnesses during a criminal trial prosecution.

¶ 14 We acknowledge Appellant's argument that *Gilbert* might be distinguished by the fact that Gilbert involved the preliminary revocation hearing transcript in the very same revocation case. *Gilbert*, ¶¶ 2–6, 765 P.2d at 808.[2] Moreover, *Gilbert* should have overturned *Allison*, *Woods* and *Moore*. Again, however, we are persuaded by *Gilbert's* pronouncement of the scope of constitutional and statutory rights due a probationer in a revocation proceeding.

¶ 15 We find that neither the relaxed due process standards nor the provisions of Section 991b are violated when a transcript of a previous judicial hearing is admitted into evidence at a revocation hearing, without requiring the State to prove the unavailability of the witnesses, so long as the defendant was allowed to confront and cross-examine the witnesses at the previous judicial hearing. To the extent *Allison*, *Woods,* and *Moore* require the State to prove witnesses are unavailable before allowing admission into evidence of a transcript of a previous judicial proceeding, they are hereby over-

turned. *Allison*, ¶¶ 6–13, 562 P.2d at 885–86; *Woods*, ¶ 12, 526 P.2d at 947; *Moore*, ¶ 9, 507 P.2d at 1292.

■ ¶ 16 Applying these principles to the present case, the District Court did not err in allowing the State to introduce into evidence at the revocation hearing the transcript of Appellant's preliminary hearing in Oklahoma County District Court Case No. CF–2005–6074, without requiring the State to prove the unavailability of the witnesses testifying at that hearing. The appeal record establishes that counsel for Appellant acknowledged she had confronted and cross-examined the witnesses during that preliminary hearing in Case No. CF–2005–6074. We further find it was not error for the District Court to admit into evidence the DNA paternity report challenged by Appellant. Such a report is the type of other material or documentary evidence, not generally admissible in an adversary criminal trial, which can be considered in parole or probation revocation proceedings. *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604; *Scarpelli*, 411 U.S. at 782 n. 5, 93 S.Ct. at 1760 n. 5. Thus, the District Court had before it sufficient competent evidence to support the revocation of Appellant's suspended sentence. 22 O.S.Supp.2005, § 991b (A).

### *DECISION*

¶ 17 The revocation of Appellant's suspended sentence in Case No. CF–1995–2711 in the District Court of Oklahoma County is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008), the **MANDATE** is **ORDERED** issued upon the filing of this decision.

C. JOHNSON, V.P.J., A. JOHNSON and LEWIS, JJ.: concur.

CHAPEL, J.: dissent.

CHAPEL, J., dissenting.

¶ 1 Wortham committed crimes, a series of rapes and sexual abuse of a child, while

---

2. It can also be noted that, less than one year after *Gilbert* was decided, this Court eliminated the preliminary hearing in revocation proceed- ings, thus requiring only one revocation hearing in a case. *Pickens v. State*, 1989 OK CR 58, ¶¶ 5–10, 779 P.2d 596, 597–98.

under a suspended sentence for a different crime, robbery with a firearm. The State sought to revoke his suspended sentence based on the sex offense charges. At the revocation hearing the State relied on the transcript of the preliminary hearing held on the new charges, along with a DNA paternity report suggesting that during the commission of the sex offenses Wortham sired a child with one of the victims. Wortham objected to the use of the preliminary hearing transcript without any prior showing that the witnesses whose testimony it contained were unavailable for the revocation hearing. The majority concludes that this procedure was not error. I disagree.

¶2 It is true that revocation proceedings offer the defendant fewer procedural protections than those afforded in a criminal trial.[1] However, a defendant in a revocation hearing has the right to confront and cross-examine adverse witnesses, unless there is a specific finding of good cause for refusing the right to confrontation.[2] No such finding was made here. The majority engages in what appears to me to be a wholly pointless discussion of whether this right falls under the Sixth Amendment. The United States Supreme Court has indicated that it is part of the due process required in revocation hearings under the Fourteenth Amendment. Furthermore and more importantly, Oklahoma law provides a separate right to confrontation in a revocation hearing.[3] That is sufficient.

¶3 I agree that affidavits, letters and other material which might be inadmissible in a criminal trial may be introduced in a revocation proceeding.[4] However, generally speaking, the State cannot admit a preliminary hearing transcript against a defendant without a good faith showing that, after exercise of due diligence, the witnesses whose testimony it contains are unavailable.[5] Even in revocation hearings, due process requires some right of confrontation. This rule is designed to protect that right, and this Court has in the past applied it to revocation proceedings.[6] The majority cites nothing which justifies a departure from this rule.

¶4 The majority relies on *Gilbert*, in which we held that a transcript of the *preliminary hearing held on the revocation proceedings* was admissible without a showing that witnesses were unavailable.[7] Here, the transcript admitted into evidence at the revocation hearing was of the preliminary hearing on the newly charged sex offenses. The majority suggests this factual difference has no legal distinction. I cannot agree.

¶5 The issues in a revocation hearing differ from those in a criminal proceeding, such as a preliminary hearing designed to determine whether there is probable cause to believe that a crime was committed, and that the defendant committed it. In fact, it is in part on that difference that the lesser protection afforded criminal defendants in a revocation proceeding depends. Conceivably, the questions asked in cross-examination during such a preliminary hearing on a new criminal charge may differ from questions asked the same witnesses in a revocation hearing. In any event, while Wortham had an opportunity to cross-examine witnesses on the sex offense charges, he had no opportunity to

---

1. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

2. *Gagnon*, 411 U.S. at 782, 93 S.Ct. at 1759–60; *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604.

3. 22 O.S.Supp.2005, § 991b (D).

4. *Gilbert v. State*, 1988 OK CR 283, 765 P.2d 807, 809; *Gagnon*, 411 U.S. at 782 n. 5, 93 S.Ct. at 1760 n. 5; *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604. This is also acceptable under our statutes, as the Oklahoma Evidence Code does not apply to revocation proceedings. 12 O.S.Supp.2002, § 2103(B)(2).

5. *Gilbert*, 765 P.2d at 809; *Davis v. State*, 1988 OK CR 73, 753 P.2d 388, 391.

6. *Allison v. State*, 1977 OK CR 130, 562 P.2d 883, 885–86; *Woods v. State*, 1974 OK CR 162, 526 P.2d 944, 947; *Moore v.State*, 1973 OK CR 141, 507 P.2d 1290, 1292.

7. *Gilbert*, 765 P.2d at 809. The majority also cites an unpublished case, *Garcia v. State*, No. RE–2006–885 (Okl.Cr.June 29, 2007) (not for publication). *Garcia* merely cites *Gilbert* and finds that introduction of a preliminary hearing transcript in a revocation hearing was not error. As *Garcia* does not even fully discuss the *Gilbert* holding, nor cite *Allison*, *Woods* or *Moore*, I find it unhelpful and unpersuasive.

cross-examine witnesses in the revocation proceedings. That is, he had no opportunity to confront the witnesses against him *in this case* before his suspended sentence was revoked. By contrast, the defendant in *Gilbert* had the chance to cross-examine the witnesses against him in the preliminary *revocation* hearing—the same revocation case which resulted in the final revocation hearing. This Court held that, in those narrow circumstances where the transcript the State sought to introduce concerned the same case as the revocation, no good faith showing of unavailability was necessary. Those circumstances are not present here, and I do not believe *Gilbert* applies.

¶ 6 Because I interpret *Gilbert* according to its facts, and in light of the settled law at the time it was decided, I do not believe *Gilbert* conflicts with our previous cases. The State did not seek to introduce a transcript of a proceeding in the same revocation case in *Allison, Woods* or *Moore*. Consequently, this Court applied the settled law that introduction of a transcript from a different court proceeding must be accompanied by a showing that the witnesses were unavailable. *Gilbert* discussed the unusual situation where the defendant had already cross-examined the revocation hearing witnesses about the revocation case, and that questioning was memorialized in the transcript introduced by the State. This complements rather than conflicts with the settled case law. I believe this, rather than some oversight on the Court's part, is why *Gilbert* did not overturn our previous cases, as the majority does today. Taken together our case law upholds a defendant's statutory and due process right to confrontation in a revocation hearing by showing witness unavailability, while recognizing that right may be satisfied by the chance to cross-examine the witnesses in a case in an earlier proceeding in that same case. I would apply this settled law, require a showing of witness unavailability, and grant relief.