OSCN Found Document:COTTON v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 COTTON v. STATE
2024 OK CR 21
Case Number: RE-2023-454
Decided: 08/01/2024
DARNELL KEHAULANI COTTON, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 21, __ __

 

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Darnell Kehaulani Cotton, appeals from the revocation of her suspended sentence by the Honorable Grant Sheperd, District Judge, in the District Court of Comanche County, Case No. CF-2017-589.

¶2 On December 18, 2018, Appellant entered a plea of guilty to Unlawful Possession of Controlled Drug with Intent to Distribute (63 O.S.Supp.2012, § 2-401(B)(2)) (Count 1), Child Neglect (21 O.S.Supp.2014, § 843.5(C)) (Count 2), and Unlawful Possession of Drug Paraphernalia (63 O.S.2011, § 2-405) (Count 3) in Comanche County District Court Case No. CF-2017-589. Appellant was sentenced to ten years imprisonment in the Department of Corrections on Counts 1 and 2 and one year imprisonment in the county jail on Count 3 with all time suspended. All counts were ordered to run concurrently with each other.

¶3 On March 14, 2023, the State filed a Motion to Revoke Suspended Sentence alleging Appellant committed the new crime of Assault and Battery with a Dangerous Weapon as alleged in Comanche County District Court Case No. CF-2023-159. Following a May 12, 2023, hearing Judge Sheperd sustained the State's motion and revoked five years of Appellant's suspended sentence, leaving a remaining sentence of five years and resuspending those five years, with credit for time served.

¶4 From this revocation, Appellant appeals, raising the following propositions of error:

I. The decision to revoke Ms. Cotton's suspended sentence was based exclusively on incompetent evidence admitted in violation of her due process right to confront the witnesses against her;

II. The trial court's order revoking Ms. Cotton's suspended sentence must be vacated because it is void of competent proof showing, by preponderance of the evidence, she violated the terms of her probation by committing a new offense; and

III. The trial court has illegally extended Ms. Cotton's original sentence by requiring five years of the ten year suspended sentence to be "resuspended" upon her release from the Department of Corrections.

ANALYSIS

¶5 In Proposition I, Appellant claims the revocation of her suspended sentence is based exclusively on hearsay evidence and was admitted in violation of her due process right to confront the witnesses against her. Appellant objected on the grounds of hearsay and confrontation at the revocation hearing thereby preserving review of this issue for an abuse of discretion. See Hampton v. State, 2009 OK CR 4, ¶ 10, 203 P.3d 179, 182.

¶6 Appellant's claim that she was revoked exclusively on hearsay evidence is unsupported by the record. In an order, contained in the official record, dated May 12, 2023, Judge Sheperd wrote "[t]he court based its finding on the defendant's jail phone calls, the defendant's interview [with police] and defendant's testimony [at the revocation hearing]." Even assuming the trial court relied on hearsay evidence to reach its decision to revoke Appellant's suspended sentence there is no abuse of discretion. An "abuse of discretion" is a clearly erroneous conclusion and judgment, one clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶7 "The full panoply of rights due a defendant in a criminal trial prosecution does not apply to parole and probation revocations." Wortham v. State, 2008 OK CR 18, ¶ 13, 188 P.3d 201, 205 (citing Morrissey v. Brewer, 408 U.S. 472, 480 (1972) and Gilbert v. State, OK CR 283, ¶ 9, 765 P.2d 807, 809). The relaxed due process standards at a revocation hearing permit the introduction of evidence such as "letters, affidavits, and other material that would not be admissible in an adversary criminal trial." See id. (quoting Gilbert, 1988 OK CR 283, ¶ 10, 765 P.2d at 809). "Thus, a probationer's right to confront witnesses against him in a revocation hearing clearly is not as stringent as a defendant's right to confront witnesses during a criminal trial prosecution." Id. Accordingly, we have held that the due process confrontation requirement applicable to revocation matters will generally be satisfied when a trial court determines that proffered hearsay bears substantial guarantees of trustworthiness or otherwise has sufficient indicia of reliability. See Hampton, 2009 OK CR 4, ¶ 18, 203 P.3d at 185.

¶8 Appellant argues the State failed to meet this Hampton standard because the hearsay evidence did not bear substantial guarantees of trustworthiness. She maintains the testimony of the detective regarding statements made by a third-party witness, the victim, and the defendant are hearsay and the trial court erred in relying on them. We disagree.

¶9 The hearsay admitted at the revocation hearing was corroborated by non-hearsay evidence, specifically photographs. The detective testified that a third-party witness told him he saw the victim bleeding at the door of the Appellant's apartment. He also told the detective he heard the victim say the Appellant stabbed him and witnessed Appellant pull the victim back into the apartment. Photographs of the victim's injuries were admitted at the revocation hearing. One picture showed the victim in the back of an ambulance with blood on the right side of his pants and boot. Another picture showed the victim at the hospital with a stab wound to the right leg after receiving stitches. Another picture showed blood on the steps of Appellant's apartment just inside the front door where the third-party witness saw the victim being pulled into the apartment by Appellant. Based on this the hearsay statements bore substantial guarantees of trustworthiness and it was not an abuse of discretion for the trial court to consider them.

¶10 Appellant made incriminating statements in an interview with police, during jail phone calls, and at the revocation hearing. Any statements she made are admissible as an exception to the hearsay rule as a statement against interest. 12 O.S.Supp.2014, § 2804(B)(3). An out-of-court statement presumptively satisfies the confrontation rights of a probationer when that statement would normally be admissible under an established exception to the rules against hearsay. See Hampton, 2009 OK CR 4, ¶ 20, 179 at 186.

¶11 The hearsay evidence offered by the State bears substantial guarantees of trustworthiness and was properly admitted and relied upon by the trial court. Furthermore, most of the evidence relied upon by the trial court in support of revocation came from statements made by the Appellant. The Appellant has failed to establish an abuse of discretion. Proposition I is denied.

¶12 In Proposition II Appellant asserts the State failed to prove by a preponderance of the evidence two elements of assault and battery with a dangerous weapon. The decision to revoke a suspended sentence in whole or in part is within the sound discretion of the trial court and such decision will not be disturbed absent an abuse thereof. Jones v. State, 1988 OK CR 20, ¶ 8, 749 P.2d 563, 565. An alleged probation violation must be proven only by a preponderance of the evidence. Tilden v. State, 2013 OK CR 10, ¶ 5, 306 P.3d 554, 556. A "preponderance of the evidence" means the evidence "more likely than not" established the alleged probation violations occurred. Hammon v. State, 2000 OK CR 7, ¶ 46, 999 P.2d 1082, 1094.

¶13 The record shows the State presented sufficient evidence for the trial court to find by a preponderance of the evidence Appellant committed the new crime of assault and battery with a dangerous weapon. "Where the evidence tends in any degree to support the action of the trial court in revoking a suspended sentence, the trial court's ruling should not be disturbed. Gibson v. State, 1975 OK CR 40, ¶ 3, 532 P.2d 853, 854. "Where there is competent evidence from which the [factfinder] could reasonably conclude the defendant was guilty of the crime charged against him, this Court will not interfere with the verdict, even though there is a conflict in the evidence from which different inferences could be drawn." Smith v. State, 1984 OK CR 15, ¶ 6, 674 P.2d 569, 572. This Court gives great deference to factfinders' "determinations of witness credibility due to their unique ability to personally observe the demeanor of the witnesses . . . ." Coddington v. State, 2006 OK CR 34, ¶ 89, 142 P.3d 437, 460. The credibility of a witness's testimony is determined by the trial court, not this Court. Robinson v. State, 1995 OK CR 25, ¶ 9, 900 P.2d 389, 395. Further, when a trial court operates as a trier of fact, it is presumed, that only competent and admissible evidence is considered in reaching a decision. Long v. State, 2003 OK CR 14, ¶ 4, 74 P.3d 105, 107. The trial court as the factfinder was presented with competent evidence, applied the law, and reasonably concluded Appellant was guilty of the new crime by a preponderance of the evidence. We find no abuse of discretion by the trial court. Proposition II is denied.

¶14 The trial court in this case partially revoked a portion of Appellant's ten year suspended sentence upon finding the Appellant violated her probation. The trial court is vested with the discretion to revoke a portion of the sentence and leave the remaining part not revoked but suspended for the remainder of the term of the sentence and under the provisions applying to it. 22 O.S.Supp.2019, § 991b(F). While the trial court, during the term of the original judgment and sentence, can revoke the suspended sentence in whole or in part, it is without authority to order additional suspended time past the term of the original judgment and sentence. Roberson v. State, 1977 OK CR 74, ¶ 4, 560 P.2d 1039, 1040.

¶15 The trial court's revocation order "re-suspending" five years of Appellant's sentence upon completion of serving five years in custody would result in an impermissible extension of Appellant's original sentence. It should be noted that the trial court retains the power and authority to revoke Appellant in whole or in part for the remaining five years left unrevoked by the trial court's revocation order until the expiration of the original term of sentence. Hemphill v. State, 1998 OK CR 7, ¶ 9, 954 P.2d 148, 151.

DECISION

¶16 The revocation of Appellant's suspended sentence in Comanche County District Court Case No. CF-2017-589 is AFFIRMED, but the matter is REMANDED to the District Court for modification of the revocation order to VACATE the imposition of a five year resuspended sentence and impose the remaining balance of the Appellant's sentence as ordered at the original sentencing. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF
COMANCHE COUNTY, THE HONORABLE GRANT SHEPERD, 
DISTRICT JUDGE

 
 
 
 APPEARANCES AT REVOCATION

 LARRY MONARD
 INDIGENT DEFENSE SERVICES
 1318 SW LEE BLVD.
 LAWTON, OK 73501
 COUNSEL FOR DEFENDANT

 MADELINE VASQUEZ
 ASST. DISTRICT ATTORNEY
 315 SW 5TH STREET
 LAWTON, OK 73501
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 ARIEL PARRY
 APPELLATE DEFENSE COUNSEL
 111 N. PETERS AVE. STE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT

 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 CAROLINE E.J. HUNT
 ASST. ATTORNEY GENERAL
 313 N.E. 21st ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, V.P.J.
ROWLAND, P.J.: Concur
LUMPKIN, J.: Specially Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

 

 

LUMPKIN, JUDGE: SPECIAL CONCUR

¶1 I agree with the court's application of established precedent in this case and write to point out this opinion creates no new law. The opinion merely restates past precedent and publishes just to remind the bench and bar what that precedent says. That reminder would not be necessary if this court would regularly cite to the base case establishing a principle of law rather than regularly just citing to the last case that applied that principle of law. While I realize this has been the practice of the court for an extended period of time and is not incorrect, the following analysis proposes a more open and clearer guide for a reader to find the base case applying the legal principle.

¶2 When the court cites to the last case that applies a principle of law it is in reality only citing to the case results in a case that did apply the principle of law. The better practice is to consistently cite to the base case establishing a principle of law. That practice would with each opinion focus the reader back to the analysis that created the principle of law rather than just referring a reader to the last case applying the principle and then requiring the reader to find the base case in order to understand the analysis that created it. In addition, over time writers of opinions tend to paraphrase the analysis of the original case and thus over time can have the result of changing the original analysis and reason for the principle. While constantly repeating the same language might be tedious to the writer it preserves the original analysis and reason for the principle.

¶3 For example, in dealing with the review for sufficiency of the evidence we should always cite to Jackson v. Virginia 443 U.S. 307 (1979) and Spuehler v. State 1985 OK CR 132, 709 P.2d 202, 203, 204 (citing Jackson v. Virginia) as base cases for the standard of reviewing sufficiency of the evidence and not Smith or Jones v. State because that was the last case that applied that principle. And if the court desires to show the principle is still being applied a cite to the last case applying it could be added as a "see also," or cite the base case in parentheses stating the cited case is applying the base case and cite that case.

¶4 This opinion seems to mix the manner of citation to authority from citing to the base case, as in Hampton, to cases which are just the most recent example of the principle being applied. It could be that merely citing to the last case in which legal principle is applied is sufficient for cases not being published, but for published cases a more correct complete citation to originating authority of a legal principle should be used.[1]

¶5 It appears that for too long this court has not been citing to the base case in most instances but to the last case that applied the principle. This practice does not allow a reader to go directly to the original case adopting a legal principle but requires the reader to perform a genealogical history research to determine what the analysis and legal basis was to adopt the application of the legal principle. This process leads a reader to cases applying the principle but does not tell the reader how the principle was formulated. Thus, not correctly giving the legal reason for the ruling in the case being appealed. I would urge the court to establish a uniform practice of citing only the foundational case for a legal principle rather than merely citing to cases applying that principle.

¶6 While this writing may seem to get down in the weeds as to citation and application of legal principles, I believe courts should always be uniform and consistent in the application of legal principles and disclosing of where and how those legal principles came into existence. Since this case sets forth no new legal principles and merely repeats the application of past precedent, thus no real reason to publish, it seemed the proper forum to raise these issues to assist in the preservation of the root cases that do in fact set forth new principles of law. Regardless of the fact there is no current citation authority requiring this method of citation, in addition to the court's past history of citing in this manner, it is always best to seek improvements in the way the law is referenced to ensure correct consistent application of the original analysis of the legal principle applied in a case.

FOOTNOTES

[1] This case also provides an example of a case which adopted a principle but while applying that principle to a case that requires a burden of proof of preponderance of the evidence has not applied that same principle to cases with lesser burden of proof. The case is Hampton v. State 2009 OK CR 4, 203 P.3d 179, where this court adopted the reasonable trustworthiness test in the admission of hearsay evidence in revocation of suspended sentence cases but has not applied the same test in preliminary hearing cases where the burden of proof for the state is only probable cause. Legally it appears there is no basis for not applying this reasonable trustworthiness test in both revocation hearings and preliminary hearings when the underpinning legal analysis would be the same in both cases, i.e., no constitutional prohibition in hearings not required to have full panoply of rights since they do not lead to a conviction of a crime. This application would provide a more consistent application of the reasoning and analysis this court set out in Hampton.

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1977 OK CR 74, 560 P.2d 1039, 
ROBERSON v. STATE
Discussed

 
1988 OK CR 20, 749 P.2d 563, 
JONES v. STATE
Discussed

 
1988 OK CR 283, 765 P.2d 807, 
GILBERT v. STATE
Discussed

 
1995 OK CR 25, 900 P.2d 389, 
ROBINSON v. STATE
Discussed

 
1975 OK CR 40, 532 P.2d 853, 
GIBSON v. STATE
Discussed

 
2003 OK CR 14, 74 P.3d 105, 
LONG v. STATE
Discussed

 
2006 OK CR 34, 142 P.3d 437, 
CODDINGTON v. STATE
Discussed

 
2008 OK CR 18, 188 P.3d 201, 
WORTHAM v. STATE
Discussed

 
2009 OK CR 4, 203 P.3d 179, 
HAMPTON v. STATE
Discussed at Length

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2013 OK CR 10, 306 P.3d 554, 
TILDEN v. STATE
Discussed

 
2000 OK CR 7, 999 P.2d 1082, 71 OBJ 975, 
Hammon v. State
Discussed

 
1998 OK CR 7, 954 P.2d 148, 69 OBJ 592, 
Hemphill v. State
Discussed

 
1984 OK CR 15, 674 P.2d 569, 
SMITH v. STATE
Discussed

 
1985 OK CR 132, 709 P.2d 202, 
SPUEHLER v. STATE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2804, 
Hearsay Exception - Declarant Unavailable
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 843.5, 
Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties - Definitions
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 991b, 
Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Cited

Title 63. Public Health and Safety

 
Cite
Name
Level

 
63 O.S. 2-401, 
Prohibited Acts A - Penalties
Cited

 
63 O.S. 2-405, 
Prohibited Acts E- Penalties
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA